UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. GARCIA, | Case No.: 1:12-cv-01024-SAB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| JERRY BROWN, et al., | (ECF No. 1) |
| Defendants. | |

Plaintiff Joseph A. Garcia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c)(1), Plaintiff consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Plaintiff filed the instant complaint on June 25, 2012.  For the reason explained below, the Court finds the complaint must be dismissed for failure to state a cognizable claim.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff contends that he has been diagnosed with wide second degree flat feet. Due to his condition he is in constant pain in his feet, legs, and back. His medical condition as reflected in his California Department of Corrections and Rehabilitation (CDCR) health records dates back to 2006. While incarcerated at Norn Kern State Prison (NKSP), Plaintiff filed a "Reasonable Accommodation Chrono," and he was examined by Dr. D. Gines and issued a CDCR accommodation chrono on May 4, 2011, authorizing Plaintiff to wear personal tennis shoes as a medical appliance.

On July 14, 2011, Plaintiff was transferred to California Correctional Institution (CCI) in Tehachapi, California. When Plaintiff began wearing his personal shoes into various areas of the institution, correctional staff began to harass him by threatening to take away his shows. When he showed the staff members his approved chrono, they would blatantly disregard it and told him it was

invalid at CCI.  Plaintiff was informed that he was required to be examined by medical personnel at CCI.  As a result, Plaintiff requested to see his primary care physician.  He was informed by the primary care physician that CCI policy prohibited the issuance of a chrono that used the words "personal" or "tennis" shoes.

Plaintiff contends CCI's policy prohibiting the issuance of personal tennis shoes, violated the American with Disabilities Act (ADA).

Plaintiff lists the following individuals as Defendants in this action: (1) Jerry Brown, Governor; (2) Matthew Cate, Secretary of CDCR; (3) L.D. Zamora, Chief of California Correctional Health Care Services; (4) K. Holland, Warden at CCI; (5) R. Hughes, Associate Warden at CCI; (6) A. Joaquin, MD, Chief Medical Executive; (7) S. Shiesha, MD, Chief Physician and Surgeon; (8) K. Hill, MD; (9) Y. Le, MD; (10) K. Allen, Facility Captain; (11) D. Crounse, Facility Lieutenant; and (12) R. Robinson, Facility Sergeant.

Plaintiff requests $300,000 in actual damages, based on $1,000 a day for the period of time from August 31, 2011 to June 24, 2012.  Plaintiff seeks to have Defendants pay for legal costs associated with filing the complaint.  Plaintiff also requests declaratory and injunctive relief to be awarded at the court's discretion.

## III.
## DISCUSSION

### A.    Eighth Amendment

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due

1  care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted);
2  Wilhelm, 680 F.3d at 1122.

3       "A difference of opinion between a physician and the prisoner - or between medical
4  professionals - concerning what medical care is appropriate does not amount to deliberate
5  indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d
6  240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-1123 (citing Jackson v. McIntosh, 90
7  F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors
8  chose was medically unacceptable under the circumstances and that the defendants chose this course
9  in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90
10 F.3d at 332) (internal quotation marks omitted).

11      Plaintiff alleges that his accommodation chrono was denied pursuant to CCI's policy which
12 prohibits personal tennis shoes.  However, the responses to Plaintiff's administrative appeal clearly
13 indicate that Plaintiff was examined by CCI medical personnel and was provided accommodations.
14 On August 30, 2011, Plaintiff was examined by Dr. Hill.  (Compl. Exs. E & G.)  A medical chrono for
15 Plaintiff to receive shoe arches and to be placed on a lower bunk was approved on September 1, 2011.
16 (Id.)  In addition, based on Plaintiff's own admission Dr. Hill advised him that CCI prefers to have an
17 inmate seen by podiatry and issue orthopedic shoes.  (Id.)  In general the Court must accept the
18 material allegations in the complaint as true and construe them in the light most favorable to plaintiff.
19 However, where exhibits are attached to the complaint, the Court is not limited to the allegations
20 contained in the complaint, and can consider the exhibits.  Roth v. Garcia Marquez, 942 F.2d 617, 625
21 n.1 (9th Cir. 1991).  Where the allegations in the complaint are refuted by the exhibits, the Court need
22 not accept the allegations as true.  Sprewell v. Golden State Warriors, 266 F3d 979, 987 (9th Cir.
23 2001); Roth, 942 F.2d at 625 n.1.

24      Plaintiff's disagreement with the doctor's opinion and content of the chrono is insufficient as a
25 matter of law to establish an Eighth Amendment violation.  See Snow v. McDaniel, 391 F.3d at 1057.
26 Plaintiff was examined by Dr. Hill and a medical chrono was issued.  The mere failure to reissue
27 Plaintiff's prior medical chrono does not standing alone, state a claim for relief.  Plaintiff has not
28 demonstrated that the conclusion by Dr. Hill was medically unacceptable under the circumstances and

was made in conscious disregard of an excessive risk to Plaintiff's health. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Simply alleging that Plaintiff disagrees with Dr. Hill's decision or that previous doctors came to different conclusions is not sufficient. Accordingly, Plaintiff fails to state an Eighth Amendment claim.

### B. Americans with Disabilities Act

Plaintiff mentions the Americans with Disabilities Act (ADA), which "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

The treatment, or lack of treatment, concerning a medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Shiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decision); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Plaintiff has not shown that he was intentionally discriminated against based on any disability, his allegations relate only to medical issues. Accordingly, Plaintiff fails to state a claim for violation of the ADA.

### C. Supervisory Liability

Plaintiff may not seek to impose liability on Governor Brown, CDCR Director Cate, Warden L.D. Zamora, and Associate Warden R. Hughes based on their positions of authority. There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 56 U.S. at 676. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett,

1  567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d
2  1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

3  Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory
4  liability claim against these Defendants. The only basis for such a claim would be respondeat
5  superior, which is precluded under section 1983.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 25, 2012, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **October 16, 2013**     _____
                                UNITED STATES MAGISTRATE JUDGE